Hon. Paul B Bergins Corporation Counsel, White Plains
This is in response to your letter requesting an opinion from the Attorney General as to whether Penal Law, Article 235 and Penal Law, § 245.11 constitute a general law within the meaning of Article IX, § 2 (c) (ii) of the New York State Constitution so as to preclude the City of White Plains from enacting legislation regarding minors which would prohibit conduct otherwise acceptable under the Penal Law.
Article IX, 2 (c) (ii) of the New York State Constitution provides in pertinent part:
 "every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law * * *" (Emphasis supplied.)
The New York State Court of Appeals has interpreted this language to prevent local legislation which would prohibit something acceptable under State Law if the State has evidenced a desire that its regulation should pre-empt the possibility of varying local legislation (People v Cook,34 N.Y.2d 100 at 109).
Penal Law, Article 225 has been held to be a general law with respect to gambling (People v Wilkerson, 73 Misc.2d 895 [County Court, Monroe County, 1973]; see also, 1974 Atty Gen [Inf Opns] 254) and the same considerations would make Penal Law, Article 235 and Penal Law, §245.11 a general law with respect to obscenity. Furthermore, Penal Law, Article 235 has specific provisions regarding minors and the impact of public display of offensive sexual material on children was considered when the Governor recommended and the Legislature enacted Penal Law, § 245.11.
We therefore conclude that Penal Law, Article 235 and Penal Law, §245.11 constitute a general law and the City of White Plains is precluded from enacting legislation which would contravene such statutes.